# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

**TAMAR LOWELL, ET AL.,**

Plaintiffs,

vs.

**UNITED BEHAVIORAL HEALTH, ET AL.,**

Defendants.

CASE NO. 20-cv-01989-YGR

**ORDER DENYING MOTION TO TRANSFER**
Re: Dkt. No. 20

Plaintiffs Tamar and Thomas Lowell bring this action under the Employment Retirement Income Security Act of 1974 ("ERISA") on behalf of themselves and their beneficiary son, A.L., related to a denial of benefits under an employee welfare benefit plan. Now before the Court is a motion to transfer this action to either the United States District Courts for the District of Washington or the District of Montana, pursuant to 28 U.S.C. section 1404(a) and 29 U.S.C. section 1132(e)(2), filed by defendants United Behavioral Health ("UBH") and United Healthcare Insurance Company.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). If the action could have been brought in the target district in the first instance,[1] courts consider the following factors in determining whether transfer is appropriate: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). UBH bears the burden to show that the transferee district is the more appropriate forum. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 499 (9th Cir. 2000).

---

[1] Plaintiffs do not dispute this action could have been brought in the target districts.

The Court considers each of the relevant factors in turn:

**1.     Plaintiffs' Choice of Forum:** "While a plaintiff's choice of forum always weighs against transfer under section 1404(a), a court considering transfer must determine how much weight to give this choice under the circumstances." *Glob. Hawk Ins. Co. v. Vega*, No. 15-CV-02093-YGR, 2015 WL 7720801, at *4 (N.D. Cal. Nov. 30, 2015). Due to ERISA's broad venue provisions, "a plaintiff's choice of forum is accorded great deference in ERISA cases." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432, 119 S. Ct. 755 (1999). However, when a plaintiff files suit outside its home forum, "the presumption in [its] favor applies with less force." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citation and internal quotation marks omitted). A plaintiff's choice also merits less consideration if (1) the operative facts occurred outside the forum, (2) the forum lacks interest in the parties or subject matter, or (3) there is evidence of forum shopping. *Ennis v. Aetna Life Ins. Co.*, No. 3:18-CV-01617-WHO, 2018 WL 4636197, at *2 (N.D. Cal. Sept. 24, 2018) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) and *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017)).

Here, plaintiffs reside in the Western District of Washington, while A.L. resides in the District of Montana, where he received the mental health treatment at issue in this case. UBH employees who applied the guidelines to deny coverage to A.L. reside in Texas and Illinois. This action bears a relationship to the Northern District because UBH is a California corporation with its principle place of business in this district.

Additionally, defendants argue that plaintiffs filed this action in this district to benefit from the favorable decision rendered in *Wit et al. v. United Behavioral Health*, No. 14-cv-02346-JCS, 2019 WL 1033730 (N.D. Cal. Mar. 5, 2019), which is cited repeatedly in plaintiffs' complaint. The existence of such decision is not a disqualifying factor. *Wit* may be one reason plaintiffs filed their case in this district, but as explained, a suit filed against UBH is appropriate in this district. The Court finds that this factor weighs minimally against transfer.

**2.     Convenience of the Parties**: Defendants, both of whom operate in every state, do not argue that this district is inconvenient for *them*. Instead, defendants argue that transfer would

1 be more convenient for *plaintiffs* because they reside in the Western District of Washington and
2 A.L. resides in the District of Montana. This argument fails to persuade. Plaintiffs represent that
3 they weighed the convenience of various forums before choosing to pursue this action here. "[I]t
4 is unconvincing for [d]efendants to advance a convenience argument based primarily on the logic
5 that [p]laintiff[s'] choice of forum would be inconvenient to [p]laintiff[s]," *Sharma v.*
6 *Globalfoundries U.S., Inc.*, No. 5:15-CV-03631-EJD, 2016 WL 2742399, at *2 (N.D. Cal. May
7 11, 2016), particularly where plaintiffs state a willingness to bear any inconveniences associated
8 with litigating outside their home forum. This factor weighs against transfer.

9     **3.**     **Convenience of the Witnesses**: In a denial of benefits action brought under
10 ERISA, judicial review generally is limited to the administrative record. *Ennis*, 2018 WL
11 4636197, at *3 (citation omitted). The district court has discretion to allow evidence not before
12 the administrator only "when circumstances clearly establish that additional evidence is necessary
13 to conduct an adequate *de novo* review." *Mongeluzo v. Baxter Travenol Long Term Disability*
14 *Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995). Here, defendants do not assert that witnesses *will*
15 be necessary, instead arguing that *if* the Court requires witness testimony, it will be from non-party
16 witnesses located in either the Western District of Washington or the District of Montana.
17 Plaintiffs, for their part, argue that at least some witnesses with relevant knowledge about the
18 adoption of UBH guidelines are likely to reside here, in UBH's home district. Neither party
19 presents evidence "clearly establish[ing]" or even strongly suggesting that witness testimony will
20 be needed in this case. As UBH bears the burden, this factor weighs against transfer.

21     **4.**     **Local Interest**: As explained, plaintiffs reside in the Western District of
22 Washington, where the plan at issue was administered. At all relevant times, A.L. was treated at a
23 mental health facility in the District of Montana. Those districts thus have an interest in deciding
24 this controversy, which concerns their residents. At the same time, UBH is a California
25 corporation with its principal place of business in this district. California has as much interest in
26 regulating the conduct of one of its corporations as Washington or Montana does in protecting its
27 residents. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024 (N.D. Cal. 2020). Thus, this factor
28 is neutral.

3

**5.** **Familiarity with Applicable Law**: While the parties agree that this Court and the proposed transferee courts are equally capable of adjudicating plaintiffs' ERISA claims, defendants note that because the plan was established and administered in Washington, to the extent that ERISA law is not preempting, Washington state law would govern the plan. Assuming issues of Washington state law arise, this Court is capable of resolving them. *See Fleming v. Matco Tools Corp.*, 384 F. Supp. 3d 1124, 1136 (N.D. Cal. 2019) (denying venue transfer motion and observing that "federal judges routinely apply the law of other states than the one in which they sit"). Indeed, defendants do not directly argue otherwise. This factor is neutral.[2]

**6.** **Balancing of Factors**: In sum, the relevant section 1404(a) factors are either neutral or weigh against transfer. Defendants have not established that either the Western District of Washington or the District of Montana is the more appropriate forum. The motion for transfer is **DENIED**.

This Order terminates Docket Number 20.

**IT IS SO ORDERED.**

Dated: June 29, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] The parties do not address the following factors: ease of access to evidence, feasibility of consolidation with other claims, and relative court congestion and time to trial.

4